UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISON

| | |
|---|---|
| Nicole Anastasia Gray, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Michèle Patrão Forsythe, James E ) <br> Lockemy, Aphrodite K. Konduros, D. ) <br> Garrison Hill, Donald W. Beatty, John W. ) <br> Kittredge, Kaye G. Hearn, Jahn Cannon ) <br> Few, and George C. James, Jr., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2:21-567-BHH <br><br> **OPINION AND ORDER** |

Plaintiff Nicole Anastasia Gray ("Plaintiff") brought this civil action pursuant to 42 U.S.C § 1983 alleging violations of her constitutional rights. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by Magistrate Judge Baker on April 21, 2021. (ECF No. 12.) In her Report, the Magistrate Judge recommends that this action be summarily dismissed *with prejudice* and without issuance or service of process. (*Id*. at 1, 9.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## **BACKGROUND**

Magistrate Judge Baker issued the Report on April 21, 2021. (ECF No. 12.) Plaintiff

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

1

filed objections on May 7, 2021. (ECF No. 15.) The matter is ripe for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.* If a party fails to file any specific objections, this Court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## DISCUSSION

In her Report, Magistrate Judge Baker first found that in order to grant the relief sought by Plaintiff, this Court would have to conduct what amounts to an appellate review of issues already decided by several state courts of competent jurisdiction, and the Court therefore lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. (ECF No. 12 at 6–7.) In addition, the Magistrate Judge found that this case is subject to summary dismissal because each of the Defendants are entitled to absolute judicial immunity for their judicial

actions as judges and justices of the State of South Carolina. (*Id.* at 7–9.)

Plaintiff submitted objections to the Report which the Court has carefully reviewed. (ECF No. 25.) Plaintiff's first objection theory appears to be that because she "claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution," and because she has "specified and stated in her verified complaint that this suit was brought pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to her" by the federal Constitution, her claims therefore avoid the application of the *Rooker-Feldman* doctrine and this Court possesses jurisdiction over the issues presented. (*See* ECF No. 15 at 1–2, 5–6.) The objection is incorrect. Plaintiff's complaint explicitly asks this Court to vacate the Berkley County Family Court's allegedly unconstitutional contempt order and award damages for the resulting fine and court costs. (ECF No. 1 at 7.) Thus, her claims are inextricably intertwined with the Family Court's rulings; to decide those claims would, in substance, put this Court in the posture of appellate review over state court rulings, a posture that is impermissible under the *Rooker-Feldman* doctrine. *See, e.g.*, *Guion v. Marsh*, No. 6:18-CV-1609-DCC-JDA, 2018 WL 8300524, at *5 (D.S.C. Sept. 19, 2018), *adopted*, No. 6:18-CV-01609-DCC, 2019 WL 1771736 (D.S.C. Apr. 23, 2019), *aff'd sub nom. Glenn v. Marsh*, 806 F. App'x 252 (4th Cir. 2020) (holding federal claims were "inextricably intertwined" with family court's proceedings because the complaint challenged state judge's determinations and defendants' actions in underlying family court case). Accordingly, the objection is overruled.

Plaintiff also objects to Magistrate Judge Baker's conclusion that the Defendants to this action are entitled to absolute judicial immunity. (*See* ECF No. 15 at 2.) It appears

3

that Plaintiff is attempting to draw a distinction between the state court judges and justices' judicial conduct and the facts she alleged in her complaint, which she contends "show a ***prima facie*** case of deprivation of due process rights[.]" (*See id.* at 2–4.) No such distinction exists. The allegations in Plaintiff's complaint are a textbook challenge to state court jurists' judicial conduct. (*See* ECF No. 1.) Nothing in Plaintiff's objections shows any error in the Magistrate Judge Baker's analysis or conclusions, and Plaintiff's claims are subject to summary dismissal because Defendants are entitled to absolute judicial immunity.

The Court finds that the remainder of Plaintiff's objections are either unrelated to the dispositive portions of the Report or merely restate her claims. (*See* ECF No. 15 at 2–5.). The Court has conducted a *de novo* review of the Report, the record, and the applicable law. However, Plaintiff's objections do not demonstrate any reason to deviate from the sound reasoning of Magistrate Judge Baker, and the Court finds the objections to be without merit.

## CONCLUSION

For the reasons set forth above, the Report (ECF No. 12) of the Magistrate Judge is ADOPTED and incorporated herein. The Court OVERRULES Plaintiff's objections (ECF No. 15). This action is dismissed *with prejudice* and without issuance or service of process.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 17, 2022
Charleston, South Carolina